IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| LARRY D. MARVEL, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1311-GMS |
| | ) | |
| DAVID PIERCE, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM**

### I.  **BACKGROUND**

In 1990, Marvel was sentenced to seventeen years of imprisonment for raping a woman. *See Marvel v. Phelps*, 2012 WL 404629, at *1 (D. Del. Feb. 7, 2012). Throughout his incarceration, Marvel maintained that the victim lied, and he sought vindication with the help of his family. In addition to filing appeals, post-conviction motions, and other petitions, Marvel tried to obtain affidavits that would establish his innocence. Marvel understood that an affidavit from the victim recanting her trial testimony would be critical to his success. His family hired a private detective, who allegedly worked on Marvel's case for ten (10) years, but he was unable to find or interview the victim. *Id.*

While in prison, Marvel became acquainted with another inmate, James Hollis, who was serving time for unlawful sexual intercourse and other crimes. Marvel frequently told Hollis that he was innocent. In 2003, a few months before Hollis was scheduled to be released from prison, Marvel started asking Hollis to cripple the victim by shooting her or stabbing her in the spine. According to Hollis, Marvel complained that the victim had taken away his life and his family,

and that he wanted her to pay for that by having to suffer for the rest of her life. *Id.*

Hollis told Marvel that it would cost $10,000, and Marvel assured him that he could get the money from selling a beach house. Marvel gave Hollis a piece of a hospital record from the time of the rape containing the vicim's address, telephone number, and social security number. Hollis testified that Marvel told him it would be easier to find the victim through the Internet with this information. *Id.*

Hollis was released from prison in April 2005. A few weeks before his release, Hollis contacted the authorities and told them about Marvel's plan to harm the victim. Hollis cooperated with the police by giving them several letters that the two men had written to each other after Hollis left prison. *Id.*

In December 2005, a New Castle County grand jury indicted Marvel on charges of attempted first degree assault, second degree criminal solicitation, and second degree conspiracy. In May 2006, a Delaware Superior Court jury found him not guilty of attempted assault and guilty of the remaining two charges. The Superior Court sentenced Marvel as an habitual offender to life imprisonment. Marvel's convictions and sentence were affirmed on direct appeal. *Id.*

In November 2007, Marvel filed a motion for correction of an illegal sentence pursuant to Delaware Superior Court Criminal Rule 35(a). The Superior Court denied the Rule 35(a) motion, and the Delaware Supreme Court affirmed that judgment. *Id.*

Marvel then filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the claims in the Rule 61 motion as procedurally defaulted, and the Delaware Supreme Court affirmed that decision. *Id.*

Thereafter, Marvel filed two additional Rule 35 motions for correction of illegal sentence. The Superior Court denied the motions, and the Delaware Supreme Court affirmed those decisions. *Id.*

In 2008, Marvel filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, which the court denied in February, 2012, after determining that his claims were procedurally barred. *Id.* Marvel appealed. The Third Circuit Court of Appeals declined to issue a certificate of appealability in an order dated August 28, 2012, explaining that "jurists of reason would not find it debatable that the District court was correct in its ruling that appellant's cognizable habeas corpus claims are barred due to a procedural default, and that he failed to show cause or prejudice or that failure to consider his claims would result in a fundamental miscarriage of justice." *Marvel v. Phelps*, 2013 WL 6843008, at *1 (D. Del. Dec. 26, 2013).

While his appeal was pending before the Third Circuit, Marvel filed in this court a "motion for relief from judgment or order pursuant Federal Rule of Civil Procedure 60(b)(6)", and two amended Rule 60(b) motions. On February 19, 2013, viewing the aforementioned motions as one single motion, the court denied Marvel's Rule 60(b) motion and refused to reconsider its decision denying Marvel's habeas petition. *Id.*

In a letter dated February 18, 2013, but received by the court on February 20, 2013, Marvel asked the court to excuse his procedural default of claim two (due process violation/improper indictment), claim three (First Amendment violation stemming from testimony regarding coded letter), and claim four (insufficient evidence to sustain conviction for criminal solicitation) of his original habeas petition pursuant to the recent Supreme Court case, *Martinez v. Ryan*, 132 S.Ct. 1309, 1318 (2012). Because this letter was received by the court one

3

day after it denied Marvel's Rule 60(b) motion, it did not consider Marvel's *Martinez* argument during its review of the Rule 60(b) motion. Consequently, on February 26, 2013, Marvel filed a Rule 59 motion to alter or amend the court's February 19, 2013 denial of his Rule 60(b) motion, specifically contending that his procedural default of claims two, three, and four presented in his original habeas petition should be excused under *Martinez* because the State did not appoint counsel to represent him during his state post-conviction proceeding. The court denied the motion after determining that *Martinez* was inapplicable to Marvel's case because the procedurally barred claims at issue did not allege ineffective assistance of trial counsel. *See Marvel*, 2013 WL 6843008, at *1.

Thereafter, Marvel filed yet another Rule 59(e) motion to alter or amend the court's denial of his prior Rule 59(e) motion, contending that the court erred in concluding that the procedurally barred claims at issue in his Rule 60(b) motion did not allege ineffective assistance of trial counsel. The court denied that motion. *Id.*

Presently pending before the court is Marvel's newest petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2006 convictions and sentence for life imprisonment (D.I. 1), and two letter "amendments". (D.I. 4; D.I. 6) The petition asserts two grounds for relief: (1) Marvel was denied equal protection and due process guarantees to "entitled appointment of effective assistance of counsel where Delaware state constitution provides for first appeal as of right"; and (2) Marvel was denied his due process rights "to an adequately informing jury instruction constituting plain error and [was] denied all appellate review of [that] claim under plain error exception." (D.I. 1 at 5-6)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is not considered second or successive simply because it follows a prior petition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The instant petition is Marvel's second request for habeas relief with respect to his 2006 convictions and sentence. The court denied Marvel's first federal habeas petition after determining that his four claims were procedurally barred. Marvel could have, but did not, present claim two asserting the inadequate jury instructions in his earlier petition. As for claim one, Marvel's argument that he deserves federal habeas relief as a result of the Delaware state courts' failure to appoint counsel to represent him during his first Rule 61 proceeding appears to be based on the following two beliefs: (1) the failure violated the Delaware state constitution; and (2) the failure violated his Sixth Amendment right to counsel pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). Neither of these arguments, however, asserts an issue that is cognizable on federal habeas review; a claim based on state law error does not assert a proper basis for

5

federal habeas relief,[1] and *Martinez* did not recognize or create an automatic federal constitutional right to counsel in state collateral proceedings.[2] As such, the court concludes that the petition constitutes a second or successive habeas petition within the meaning of § 2244.

In turn, to the extent Marvel cites *Martinez* as an attempt to avoid the second or successive bar pursuant to § 2244(b)(2)(A)'s "new rule of constitutional law" exception, the attempt is unavailing. Simply stated, whether or not *Martinez* triggers the § 2244(b)(2)(A) exception is an issue that must be determined by the Third Circuit Court of Appeals, and not by this court.

The record reveals that Marvel did not obtain permission from the Third Circuit Court of Appeals before filing his pending habeas request. Accordingly, the court will dismiss the instant unauthorized second or successive petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

The court will also decline to issue a certificate of appealability because Marvel has failed

---

[1] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

[2] Rather, *Martinez* held for the first time that the ineffective assistance of counsel during initial collateral review proceedings, or the failure to appoint counsel during initial collateral review proceedings, may establish cause in a federal habeas proceeding sufficient to excuse a petitioner's **procedural default** of a claim of ineffective assistance of trial counsel when, under state law, claims of ineffective assistance of trial counsel must be raised in an initial review collateral proceeding rather than on direct appeal. *Id.* (emphasis added). In other words, *Martinez* creates a limited method for petitioners in federal habeas cases to prove cause for excusing their state court **procedural default** of certain ineffective assistance of counsel claims.

6

to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV. CONCLUSION

For the aforementioned reasons, the court will deny Marvel's § 2254 petition for lack of jurisdiction because it constitutes an unauthorized second or successive habeas petition under 28 U.S.C. § 2244. A separate order will be entered.

Dec 10, 2015
DATE

UNITED STATES DISTRICT JUDGE

7